UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
IVONNE OSTORGA, on behalf of herself and all other
persons similarly situated,

                      Plaintiff,

            **COMPLAINT**

    -against-

JUST SALAD SERVICES LLC,

            *FLSA Collective Action*
            *and Rule 23 Class Action*

                   Defendant.
------------------------------------------------------------------------X

        Plaintiff, Ivonne Ostorga, on behalf of herself and all other persons similarly situated, by and through her counsel, the Romero Law Group PLLC, complaining of the Defendant, Just Salad Services LLC ("Defendant"), alleges as follows:

## NATURE OF THE CLAIM

        1.    Defendant is a fast-casual restaurant chain with more than 70 locations across several states, including New York State. Plaintiff brings claims against Defendant on behalf of herself and all other persons similarly situated to recover damages for violations of the prompt payment provision of the Fair Labor Standards Act, 29 U.S.A. § 201 et seq. ("FLSA") pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b). Plaintiff also brings claims against Defendant for violation of the frequency of pay provision of the New York Labor Law § 191 ("NYLL") on behalf of herself and each FLSA plaintiff who elects to opt-in to this action pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b) ("FLSA Plaintiffs").

        2.    Plaintiff and FLSA Plaintiffs are "manual workers." Plaintiff and FLSA Plaintiffs depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages. Defendant failed to timely pay wages to Plaintiff and the FLSA Plaintiffs and instead paid their wages bi-weekly. Each time

1

that Defendant failed to promptly pay Plaintiffs and FLSA Plaintiffs their wages, Defendant deprived them of the use of money to which they were legally entitled. As a result, they lost the time value of money.

3. Defendant's payment policy violated the FLSA's prompt payment requirement. There are many similarly situated current and former employees of Defendant who have been paid late in violation of the FLSA. Because putative plaintiffs are similarly situated and the statute of limitations continues to run against them until they file a consent to join this action, Plaintiff seeks certification of this matter as a collective action and leave to notify the potential FLSA Plaintiffs of their right to participate in this lawsuit.

4. Defendant's payment policy also violated NYLL § 191(1)(a), which requires that manual workers be paid within seven days after the end of the workweek. Plaintiff brings this action on behalf of herself and the FLSA Plaintiffs to recover liquidated damages for late-paid wages pursuant to NYLL § 198.

5. Plaintiff also brings this action against Defendant on behalf of herself and all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to recover for Defendant's failure to timely pay wages in violation of NYLL § 191. Plaintiff seeks injunctive and declaratory relief, liquidated damages, attorneys' fees and costs of this action and other appropriate relief pursuant to NYLL 198(1-a).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

8. Defendant is and was a domestic limited liability company with a principal place of business located at 663 Lexington Avenue, New York, New York 10022.

9. At all relevant times, Defendant was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of cleaning machinery, tools, mops, brooms, cleaning supplies, office supplies, pens, and paper, all of which undoubtably traveled in interstate commerce, and accepted payments and other moneys that originated from out of New York State.

10. Defendant's restaurants require a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

11. At all relevant times, Plaintiff was a non-exempt employee of the Defendant and an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2), and a "manual worker" within the meaning of NYLL § 190(4).

12. Plaintiff's duties included preparing and cooking food. In performing her duties, Plaintiff handled or worked with goods, such as fruit, vegetables, grains, beef, poultry, fish, cheese, dairy products and cookware and cooking utensils which undoubtedly moved in interstate commerce.

13. At all times relevant, Defendant was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York State Labor Law § 190(3).

14. At all times relevant, Defendant has been, and continues to be, an "employer" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. § 203.

## THE FLSA COLLECTIVE ACTION

15. Plaintiff seeks to proceed as a collective action with regards to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of herself and the FLSA Plaintiffs.

16. Plaintiff is acting on behalf of Defendant's current and former employees' interests as well as her own interests in bringing this action.

17. The FLSA Collective is readily identifiable and locatable through Defendant's records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

18. Plaintiff and FLSA Plaintiffs were subjected to Defendant's policies, practices, procedures, protocols and plans alleged herein concerning the failure to pay timely wages.

19. Plaintiff and FLSA Plaintiffs had similar job duties and frequency of pay. Plaintiff and Collective Plaintiffs spent over 25% of their working time performing physical labor.

20. Defendant failed to promptly pay Plaintiff and the FLSA Plaintiffs their wages.

21. Defendant applied its frequency of payment policy to Plaintiff and the FLSA Plaintiffs uniformly.

22. Plaintiffs and FLSA Plaintiffs were uniformly deprived of the time value of their earned wages during periods in which payment was delayed.

23. Plaintiff and FLSA Collective Plaintiffs were uniformly deprived of the ability to use their earned wages - money to which they were legally entitled - during periods in which the payment of their wages was delayed.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

24. Plaintiff brings New York Labor Law claims on behalf of herself and a class under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant in the State of New York whose job duties included food preparation, cooking, preparing orders, and/or servicing customers at any time during the six (6) years prior to the filing of the initial Complaint and the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members"). Exempt employees who are paid a salary are not part of the Class that Plaintiff seeks to represent.

25. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. Upon information and belief, there are more than 40 Class Members who have worked for Defendant in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

26. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over 100 individuals who are currently, or have been, employed by Defendant in positions at any time during the six (6) years prior to the filing of the initial Complaint.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant failed to timely pay wages in violation of NYLL § 191, and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

28. Plaintiff's claims are typical of the claims of the Class that she seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by NYLL § 191. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

29. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

30. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

31. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

32. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendant. Moreover, the issues in this action can be decided by means of common, class-wide proof.

33. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

34. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

35. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## **FACTS**

36. Plaintiff has been employed by Defendant from May 2024 to present. Plaintiff's job duties included cutting and washing vegetables, preparing food, taking orders, cleaning, and restocking. Plaintiff's job required lifting and carrying up to 20 pounds; bending, stooping, and

reaching; and standing for extended periods of time. Plaintiff spent more than 25% of her work time performing manual tasks.

37. Plaintiff was a "manual worker" whose wages were required to be paid within seven days of when they were earned in accordance with NYLL § 191.

38. Defendant failed to timely pay Plaintiff's wages weekly and instead paid her wages bi-weekly pursuant to its company-wide payroll practice in violation of NYLL § 191.

39. Every time that Defendant failed to pay Plaintiff her wages earned within seven days of the end of the workweek, Defendant deprived her of the use of money to which she was legally entitled.

40. As a result of Defendant's failure to timely pay Plaintiff's wages Plaintiff lost the time value of money.

41. Each time that Defendant failed to pay Plaintiff her wages earned within seven days of the end of the workweek, Defendant underpaid Plaintiff for the work that she performed.

***Sexual Harassment and Retaliation***

42. While working at Defendant's restaurant in Hauppauge, New York, Plaintiff was sexually harassed by her manager Felipe.

43. Felipe deliberately brushed his body against Plaintiff's body each time that they worked the same shift.

44. Felipe made unwelcome sexual advances toward Plaintiff, attempted to kiss Plaintiff and gave her an inappropriate gift of flowers.

45. Plaintiff rejected and rebuffed Felipe's advances.

46. Plaintiff complained to Defendant's management and human resources about Felipe's harassment.

47. As a result of her complaint, Plaintiff was transferred to the Huntington location in or about August 2024, and then to the Oceanside location in January 2025.

48. Shortly after Plaintiff began working at the Oceanside location, Felipe also began working at that location.

49. When Felipe began working at Oceanside, he retaliated against Plaintiff for complaining about his harassment by cutting Plaintiff's work hours. In addition, Plaintiff was scheduled to work 6am to 1pm on Thursdays, but her manager told her not to come in at all because Felipe did not want her to work at all.

50. Defendant treated Plaintiff less well because of her sex and gender in violation of the New York State Human Rights Law.

51. Plaintiff was subject to retaliation because she complained of discrimination and harassment in violation of the New York State Human Rights Law.

52. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

53. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

54. The conduct described herein was done in conscious disregard of Plaintiff's rights.

### FIRST CLAIM FOR RELIEF
### FLSA PROMPT PAYMENT VIOLATION

55. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

56. Plaintiff and FLSA Plaintiffs are current and former employees entitled to prompt payment of their statutorily required wages. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). Under the FLSA, late-paid wages are a form of unpaid wages.

57. Defendants failed to timely pay wages to Plaintiff and the FLSA Plaintiffs after the conclusion of their workweek.

58. The delayed payment of wages was a result of Defendant's company-wide payroll policy and practice of paying its employees on a bi-weekly basis.

59. Each time that Defendant failed to promptly pay the wages owed to Plaintiff and the FLAS Plaintiffs, Defendant deprived them of the use of money to which they were legally entitled.

60. Defendant failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Plaintiffs.

61. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

62. As a consequence of the willful delay of wages, alleged above, Plaintiff and the FLSA Plaintiffs incurred damages and seek to recover interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
## NYLL FREQUENCY OF PAYMENT VIOLATION

63. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

64. Plaintiff and Class Members were "manual workers."

65. Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned in accordance with NYLL § 191.

66. Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiffs and Class Members bi-weekly in violation of NYLL § 191.

67. Plaintiff and Class Members suffered an underpayment of wages each pay period because Defendant failed to pay their wages on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, as required by NYLL § 191.

68. Plaintiff and Class Members are entitled to liquidated damages in an amount equal to the total of the delayed wages, plus reasonable attorney's fees and costs.

### THIRD CLAIM FOR RELIEF
### NEW YORK EXECUTIVE LAW

69. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Plaintiff was discriminated against on the basis of her sex and gender.

71. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

72. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
## NEW YORK EXECUTIVE LAW

73. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

74. Plaintiff has been subject to retaliation for complaining about discrimination and sexual harassment.

75. As a proximate result of the retaliation described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

76. As a proximate result of the retaliation described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

77. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

78. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i.) Leave to give notice to the FLSA Collective that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit;

(ii.) Liquidated damages under the FLSA;

(iii.) Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

(iv.) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(v.) Issuance of a declaratory judgment that the practices complained of in this Amended Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(vi.) Damages pursuant to NYLL § 198(1-a);

(vii.) Compensatory damages for backpay and emotional distress and mental anguish;

(viii.) Punitive damages under the NYSHRL;

(ix.) Pre-judgment and post-judgment interest as permitted by law;

(x.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims; and

(xi.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
March 10, 2025

               ROMERO LAW GROUP PLLC

By:  */s Peter A. Romero*
    _____
    Peter A. Romero, Esq.
    490 Wheeler Road, Suite 277
    Hauppauge, New York 11788
    Tel. (631) 257-5588
    promero@romerolawny.com

    *Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, Just Salad Services LLC , and any related entities or individual defendants, to recover unpaid wages and/or damages for untimely paid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* and its applicable regulations and the New York Labor Law and its applicable regulations and wage orders. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Romero Law Group to represent me in this case.

*Ivonne Ostorga*
Ivonne Ostorga (Feb 18, 2025 11:23 EST)

Ivonne Ostorga

02/18/2025

Date