UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X     Case No.:  25-cv-01366 (AYS)
IVONNE OSTORGA, on behalf of herself and all others
persons similarly situated,

                      Plaintiff,     **DEFENDANT'S ANSWER
                                  TO PLAINTIFF'S**
      v.     **COMPLAINT**

JUST SALAD SERVICES LLC,

                      Defendant.
-----------------------------------------------------------------------X

Defendant Just Salad Services LLC ("Defendant"), by their counsel, Kaufman Dolowich

LLP, as and for their Answer to the Complaint (the "Complaint") of Ivonne Ostorga ("Plaintiff")

set forth the following:

## AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "NATURE OF THE CLAIM"

1.     Defendant denies the allegations set forth in Paragraph "1" of the Complaint.

2.     Defendant denies the allegations set forth in Paragraph "2" of the Complaint.

3.     Defendant denies the allegations set forth in Paragraph "3" of the Complaint.

4.     Defendant denies the allegations set forth in Paragraph "4" of the Complaint.

5.     Defendant denies the allegations set forth in Paragraph "5" of the Complaint.

## AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "JURISDICTION AND VENUE"

6.     Defendant denies the allegations set forth in Paragraph "6" of the Complaint.

7.     Defendant denies the allegations set forth in Paragraph "7" of the Complaint.

## AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "THE PARTIES"

8.     Defendant denies the allegations set forth in Paragraph "8" of the Complaint.

9.      Defendant neither admits nor denies the allegations set forth in Paragraph "9" of the Complaint as they consist of legal conclusions to which no response is required.

10.     Defendant denies the allegations set forth in Paragraph "10" of the Complaint.

11.     Defendant neither admits nor denies the allegations set forth in Paragraph "11" of the Complaint as they consist of legal conclusions to which no response is required.

12.     Defendant neither admits nor denies the allegations set forth in Paragraph "12" of the Complaint as they consist of legal conclusions to which no response is required.

13.     Defendant neither admits nor denies the allegations set forth in Paragraph "13" of the Complaint as they consist of legal conclusions to which no response is required.

14.     Defendant neither admits nor denies the allegations set forth in Paragraph "14" of the Complaint as they consist of legal conclusions to which no response is required.

**AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "THE FLSA COLLECTIVE ACTION"**

15.     Defendant denies the allegations set forth in Paragraph "15" of the Complaint.

16.     Defendant denies the allegations set forth in Paragraph "16" of the Complaint.

17.     Defendant denies the allegations set forth in Paragraph "17" of the Complaint.

18.     Defendant denies the allegations set forth in Paragraph "18" of the Complaint.

19.     Defendant denies the allegations set forth in Paragraph "19" of the Complaint.

20.     Defendant denies the allegations set forth in Paragraph "20" of the Complaint.

21.     Defendant denies the allegations set forth in Paragraph "21" of the Complaint.

22.     Defendant denies the allegations set forth in Paragraph "22" of the Complaint.

23.     Defendant denies the allegations set forth in Paragraph "23" of the Complaint.

**AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "RULE 23 CLASS ACTION ALLEGATIONS NEW YORK STATE LABOR LAW"**

24.     Defendant denies the allegations set forth in Paragraph "24" of the Complaint.

25.     Defendant denies the allegations set forth in Paragraph "25" of the Complaint.

26.     Defendant denies the allegations set forth in Paragraph "26" of the Complaint.

27.     Defendant denies the allegations set forth in Paragraph "27" of the Complaint.

28.     Defendant denies the allegations set forth in Paragraph "28" of the Complaint.

29.     Defendant denies the allegations set forth in Paragraph "29" of the Complaint.

30.     Defendant denies the allegations set forth in Paragraph "30" of the Complaint.

31.     Defendant denies the allegations set forth in Paragraph "31" of the Complaint.

32.     Defendant denies the allegations set forth in Paragraph "32" of the Complaint.

33.     Defendant denies the allegations set forth in Paragraph "33" of the Complaint.

34.     Defendant denies the allegations set forth in Paragraph "34" of the Complaint.

35.     Defendant denies the allegations set forth in Paragraph "35" of the Complaint.

**AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "FACTS"**

36.     Defendant neither admits nor denies the allegations set forth in Paragraph "36" of the Complaint as they consist of legal conclusions to which no response is required.

37.     Defendant neither admits nor denies the allegations set forth in Paragraph "37" of the Complaint as they consist of legal conclusions to which no response is required.

38.     Defendant denies the allegations set forth in Paragraph "38" of the Complaint.

39.     Defendant denies the allegations set forth in Paragraph "39" of the Complaint.

40.     Defendant denies the allegations set forth in Paragraph "40" of the Complaint.

41.     Defendant denies the allegations set forth in Paragraph "41" of the Complaint.

42.     Defendant denies the allegations set forth in Paragraph "42" of the Complaint.

43.     Defendant denies the allegations set forth in Paragraph "43" of the Complaint.

44.     Defendant denies the allegations set forth in Paragraph "44" of the Complaint.

45.     Defendant denies the allegations set forth in Paragraph "45" of the Complaint.

46.     Defendant denies the allegations set forth in Paragraph "46" of the Complaint.

47.     Defendant denies the allegations set forth in Paragraph "47" of the Complaint.

48.     Defendant denies the allegations set forth in Paragraph "48" of the Complaint.

49.     Defendant denies the allegations set forth in Paragraph "49" of the Complaint.

50.     Defendant denies the allegations set forth in Paragraph "50" of the Complaint.

51.     Defendant denies the allegations set forth in Paragraph "51" of the Complaint.

52.     Defendant denies the allegations set forth in Paragraph "52" of the Complaint.

53.     Defendant denies the allegations set forth in Paragraph "53" of the Complaint.

54.     Defendant denies the allegations set forth in Paragraph "54" of the Complaint.

**AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "FIRST CLAIM FOR RELIEF FLSA PROMPT PAYMENT VIOLATION"**

55.     Defendant repeats and realleges each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

56.     Defendant denies the allegations set forth in Paragraph "56" of the Complaint.

57.     Defendant denies the allegations set forth in Paragraph "57" of the Complaint.

58.     Defendant denies the allegations set forth in Paragraph "58" of the Complaint.

59.     Defendant denies the allegations set forth in Paragraph "59" of the Complaint.

60.     Defendant denies the allegations set forth in Paragraph "60" of the Complaint.

61.     Defendant denies the allegations set forth in Paragraph "61" of the Complaint.

62.     Defendant denies the allegations set forth in Paragraph "62" of the Complaint.

**AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "SECOND CLAIM FOR RELIEF NYLL FREQUENCY OF PAYMENT VIOLATION"**

63. Defendant repeats and realleges each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

64. Defendant denies the allegations set forth in Paragraph "64" of the Complaint.

65. Defendant denies the allegations set forth in Paragraph "65" of the Complaint.

66. Defendant denies the allegations set forth in Paragraph "66" of the Complaint.

67. Defendant denies the allegations set forth in Paragraph "67" of the Complaint.

68. Defendant denies the allegations set forth in Paragraph "68" of the Complaint.

**AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "THIRD CLAIM FOR RELIEF NEW YORK EXECUTIVE LAW"**

69. Defendant repeats and realleges each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

70. Defendant denies the allegations contained in Paragraph "70" of the Complaint.

71. Defendant denies the allegations contained in Paragraph "71" of the Complaint.

72. Defendant denies the allegations contained in Paragraph "72" of the Complaint.

**AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "FOURTH CLAIM FOR RELIEF NEW YORK EXECUTIVE LAW"**

73. Defendant repeats and realleges each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

74. Defendant denies the allegations set forth in Paragraph "74" of the Complaint.

75. Defendant denies the allegations set forth in Paragraph "75" of the Complaint.

76. Defendant denies the allegations set forth in Paragraph "76" of the Complaint.

## AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "DEMAND FOR JURY TRIAL"

77.     Defendant repeats and realleges each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

78.     Defendant neither admits nor denies the allegations set forth in Paragraph "78" of the Complaint as they do not set forth any factual allegations requiring a response by Defendant.

## AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "PRAYER FOR RELIEF"

79.     Defendant denies the allegations contained in Paragraph (i) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

80.     Defendant denies the allegations contained in Paragraph (ii) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

81.     Defendant denies the allegations contained in Paragraph (iii) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

82.     Defendant denies the allegations contained in Paragraph (iv) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

83.     Defendant denies the allegations contained in Paragraph (v) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

84.     Defendant denies the allegations contained in Paragraph (vi) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

85.     Defendant denies the allegations contained in Paragraph (vii) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

86.     Defendant denies the allegations contained in Paragraph (viii) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

87.     Defendant denies the allegations contained in Paragraph (ix) of the Complaint and submits that Plaintiff is not entitled to any relief whatsoever.

## STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES

92.     Defendant reserves the right to plead additional, separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise.  Defendant asserts the following affirmative and other defenses without assuming any burden of production of proof that Defendant would not otherwise have.

## AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

93.     Plaintiff's claims are barred to the extent that she has failed to state a claim upon which relief can be granted. This defense also may apply to the claims of some or all of the alleged class and/or collective action members.

## AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

94.     To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the statute of limitations period set forth in 29 U.S.C. § 255(a) and/or the New York Labor Law (the "NYLL"), such claims are barred. This defense also may apply to the claims of some or all of the alleged class and/or collective action members.

## AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

95.     To the extent applicable, Plaintiff's claims are barred by the doctrines of unclean hands, estoppel, and/or laches. This defense also may apply to the claims of some or all of the alleged class and/or collective action members.

## AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

96.     Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*. This defense also may apply to the claims of some or all of the alleged class and/or collective action members.

## AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

98.     To the extent that Defendant's actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or New York Department of Labor, Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. §§ 258 and 259. This defense also may apply to the claims of some or all of the alleged class and/or collective action members.

## AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

99.     To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the NYLL and/or the Fair Labor Standards Act (the "FLSA"), Plaintiff's claims are barred in whole or in part by the provisions of NYLL § 198 and/or the provisions of 29 U.S.C. § 260. This defense also may apply to the claims of some or all of the alleged class and/or collective action members.

## AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

100.     All actions of Defendant with respect to Plaintiff were taken for legitimate, good-faith business reasons and without any improper motive whatsoever. This defense also may apply to the claims of some or all of the alleged class and/or collective action members.

## AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE

101.     Damages claimed by Plaintiff in the Complaint are speculative.

## AS AND FOR DEFENDANT'S TENTH AFFIRMATIVE DEFENSE

102.     Plaintiff was treated fairly with respect to the terms and conditions of employment.

**AS AND FOR DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE**

103.    Defendant asserts a lack of willfulness or intent to violate the NYLL and FLSA as a defense to any claim by Plaintiff for liquidated damages because Defendant, at all times, acted in good faith to comply with the NYLL and FLSA and with reasonable grounds to believe that its actions did not violate the NYLL or the FLSA. This defense also may apply to the claims of some or all of the alleged class and/or collective action members.

**AS AND FOR DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE**

104.    To the extent that Defendant was neither an "enterprise engaged in commerce or in the production of goods for commerce" under the FLSA and Plaintiff was neither "engaged in commerce or in the production of goods for commerce" under the FLSA for Defendant, Plaintiff's FLSA claim against Defendant is barred.  This defense also may apply to the claims of some or all of the alleged class and/or collective action members.

**AS AND FOR DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE**

105.    Plaintiff's claims are barred, in whole or in part, by documentary evidence.  This defense also may apply to the claims of some or all of the alleged class and/or collective action members.

**AS AND FOR DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE**

106.    To the extent Plaintiff lacks standing to bring any of the claims asserted in their Complaint, such claims are barred. This defense also may apply to the claims of some or all of the alleged class and/or collective action members.

**AS AND FOR DEFENDANT'S FIFTEENTH AFFIRMATIVE DEFENSE**

107.    Plaintiff's NYLL and/or FLSA claims are barred in whole or in part to the extent that the work Plaintiff performed falls within exemptions, exclusions, exceptions, offsets, or credits permissible under the NYLL and/or the FLSA, including, but not limited to, those provided

for in 29 U.S.C. §§ 207, 213, and its state law equivalents. This defense also may apply to the claims of some or all of the alleged class and/or collective action members.

### AS AND FOR DEFENDANT'S SIXTEENTH AFFIRMATIVE DEFENSE

108. Plaintiff's NYLL frequency of payment claim is barred to the extent Plaintiff is not a "manual worker" as defined by NYLL § 190(4). This defense also may apply to claims of some or all of the alleged class and/or collective action members.

### AS AND FOR DEFENDANT'S SEVENTEENTH AFFIRMATIVE DEFENSE

109. Plaintiff's frequency of payment claims are barred during any weeks in which Plaintiff was paid on a weekly basis. This defense also may apply to claims of some or all of the alleged class and/or collective action members.

### AS AND FOR DEFENDANT'S EIGHTEENTH AFFIRMATIVE DEFENSE

110. To the extent Plaintiff failed to make a good faith and diligent effort to mitigate her purported damages and injuries, should any relief be awarded to Plaintiff as a result of her New York State Human Rights Law ("NYSHRL") claims, the amount of such relief should be reduced.

### AS AND FOR DEFENDANT'S NINETEENTH AFFIRMATIVE DEFENSE

111. The claims set forth in Plaintiff's Complaint are barred in whole or in part to the extent that such claims have been released, waived, withdrawn, discontinued, discharged, and/or abandoned. This defense also may apply to the claims of some or all of the alleged class and/or collective action members.

### AS AND FOR DEFENDANT'S TWENTHIETH AFFIRMATIVE DEFENSE

112. Assuming *arguendo,* that Defendant violated any provision of the FLSA, NYLL and/or NYSHRL, such violation was not pursuant to a uniform policy or plan. This defense also may apply to claims of some or all of the alleged class and/or collective action members.

**AS AND FOR DEFENDANT'S TWENTY-FIRST AFFIRMATIVE DEFENSE**

113.    Plaintiff is not entitled to an award of prejudgment interest if Plaintiff prevails on any or all of Plaintiff's claims to the extent such interest is not permitted by the applicable statute. This defense also may apply to the claims of some or all of the alleged class and/or collective action members.

**AS AND FOR DEFENDANT'S TWENTY-SECOND AFFIRMATIVE DEFENSE**

114.    Plaintiff was not subjected to any adverse employment action by Defendant that was motivated by discriminatory or retaliatory animus.

**AS AND FOR DEFENDANT'S TWENTY-THIRD AFFIRMATIVE DEFENSE**

115. Any decision(s) and/or action(s) taken by Defendant with regards to Plaintiff were caused by legitimate non-discriminatory and non-retaliatory reason(s).

**AS AND FOR DEFENDANT'S TWENTY-FOURTH AFFIRMATIVE DEFENSE**

116.    Defendant maintains policies prohibiting discrimination and retaliation.

**AS AND FOR DEFENDANT'S TWENTY-FIFTH AFFIRMATIVE DEFENSE**

117.    Plaintiff's NYSHRL claims against Defendant are barred to the extent Defendant did not endorse, condone, approve, and/or commit any unlawful discrimination and/or retaliation against Plaintiff.

**AS AND FOR DEFENDANT'S TWENTY-SIXTH AFFIRMATIVE DEFENSE**

118.    Assuming *arguendo* that impermissible factors were motivating factors for any decision taken with respect to Plaintiff, which is expressly denied, Defendant would have taken the same action regardless of Plaintiff's status or of any protected activity engaged in by Plaintiff.

## AS AND FOR DEFENDANT'S TWENTY-SEVENTH AFFIRMATIVE DEFENSE

119.    Plaintiff was not subject to any conduct that was based on any protected class and/or protected activity.

## AS AND FOR DEFENDANT'S TWENTY-EIGHTH AFFIRMATIVE DEFENSE

120.    If Plaintiff sustained any injury, damage, or loss related to any of her NYSHRL claims by reason of any act, error, or omission on the part of Defendant, said injury, damage, or loss must be reduced on the basis of comparative fault or negligence of Plaintiff, or others, which contributed to and proximately caused any such injury, damage, or loss.

## AS AND FOR DEFENDANT'S TWENTY-NINTH AFFIRMATIVE DEFENSE

121.    Defendant, at all times, exercises reasonable care to prevent and promptly correct any and all alleged discrimination and/or retaliation.

## AS AND FOR DEFENDANT'S THIRTIETH AFFIRMATIVE DEFENSE

122.    Plaintiff's NYSHRL claims are barred to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint.

## AS AND FOR DEFENDANT'S THIRTY-FIRST AFFIRMATIVE DEFENSE

123.    Plaintiff's alleged damages were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendant. This defense also may apply to the claims of some or all of the alleged class and/or collective action members.

## AS AND FOR DEFENDANT'S THIRTY-SECOND AFFIRMATIVE DEFENSE

124.    The Complaint fails to allege facts, in whole or in part, sufficient to allow recovery of punitive damages.

## AS AND FOR DEFENDANT'S THIRTY-THIRD AFFIRMATIVE DEFENSE

125.    The Complaint is barred in whole or in part to the extent that Plaintiff acted unethically, unlawfully, and/or in bad faith.

### AS AND FOR DEFENDANTS' THIRTY-FOURTH AFFIRMATIVE DEFENSE

126. Plaintiff's discrimination claims fail, in whole or in part, to the extent that Plaintiff cannot establish a sufficient causal connection between her membership in a protected class and any alleged adverse employment action(s).

### AS AND FOR DEFENDANTS' THIRTY-FIFTH AFFIRMATIVE DEFENSE

127. Plaintiff's retaliation claim is barred to the extent Plaintiff did not engage in a protected activity.

### AS AND FOR DEFENDANTS' THIRTY-SIXTH AFFIRMATIVE DEFENSE

128. To the extent applicable, Plaintiff's claims are barred, in whole or in part, or Plaintiff's recovery should be limited, by the doctrine of after-acquired evidence.

### AS AND FOR DEFENDANT'S THIRTY-SEVENTH AFFIRMATIVE DEFENSE

129. Plaintiff's claims are barred to the extent she failed to meet and/or perform any prerequisites to filing the present action.

### AS AND FOR DEFENDANT'S THIRTY-EIGHTH AFFIRMATIVE DEFENSE

130. Supplemental or pendent jurisdiction should not be exercised over Plaintiff's NYLL and NYSHRL claims. This defense also may apply to claims of some or all of the alleged class and/or collective action members.

### AS AND FOR DEFENDANT'S THIRTY-NINTH AFFIRMATIVE DEFENSE

131. This case cannot be maintained as a collective action because Plaintiff is not an adequate representative for the persons whom she purports to represent. There being no appropriate representative, Plaintiff's collective action allegations must be stricken and Plaintiff's collective action claims dismissed.

## AS AND FOR DEFENDANT'S FORTIETH AFFIRMATIVE DEFENSE

132.    There are no employees of Defendant who are similarly situated to Plaintiff as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

## AS AND FOR DEFENDANT'S FORTY-FIRST AFFIRMATIVE DEFENSE

133.    This case is not appropriate for class action certification because Plaintiff is not able to fairly and adequately protect the interest of all members of the putative class.

## AS AND FOR DEFENDANT'S FORTY-SECOND AFFIRMATIVE DEFENSE

134.    Plaintiff does not satisfy all of the requirements of Rule 23 of the Federal Rules of Civil Procedure, and thus, this action cannot be maintained as a class action.

## AS AND FOR DEFENDANT'S FORTY-THIRD AFFIRMATIVE DEFENSE

135.    This action cannot be maintained as a class action to the extent that the putative class members are not so numerous that joinder is impracticable.

## AS AND FOR DEFENDANT'S FORTY-FOURTH AFFIRMATIVE DEFENSE

136.    The Complaint, and the claims purported to be alleged therein, cannot proceed as a class action to the extent that difficulties likely to be encountered render the action unmanageable.

## AS AND FOR DEFENDANT'S FORTY-FIFTH AFFIRMATIVE DEFENSE

137.    Plaintiff has not shown and cannot show that class action treatment of the purported claims in the Complaint is superior to other methods of adjudicating the controversy.

## AS AND FOR DEFENDANT'S FORTY-SIXTH AFFIRMATIVE DEFENSE

138.    This action cannot be maintained as a class action to the extent that the purported claims alleged by Plaintiff are neither common to nor typical of those, if any, of the alleged putative class action members.

**AS AND FOR DEFENDANT'S FORTY-SEVENTH AFFIRMATIVE DEFENSE**

139.    To the extent that the types of claims alleged by Plaintiff on behalf of putative class action members are matters in which individual questions predominate, such claims are not appropriate for class treatment.

**AS AND FOR DEFENDANT'S FORTY-EIGHTH AFFIRMATIVE DEFENSE**

140.    Certain of the interests of Plaintiff are in conflict with the interests of the putative class action members.

**AS AND FOR DEFENDANT'S FORTY-NINTH AFFIRMATIVE DEFENSE**

141.    Plaintiff's FLSA claim is barred to the extent that Defendant has always paid Plaintiff her wages on the regularly scheduled pay day.  This defense also may apply to the claims of some or all of the alleged class and/or collective action members.

**WHEREFORE**, it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, and that Defendant be awarded their reasonable attorneys' fees, costs, and such other and further relief as the Court deems just and proper.


Dated:  Woodbury, New York
        July 28, 2025


                                                    **KAUFMAN DOLOWICH LLP**
                                                    *Attorneys for Defendant*

                                                    _____
                                                    Matthew Cohen, Esq.
                                                    Alisha Talati, Esq.
                                                    135 Crossways Park Drive, Suite 201
                                                    Woodbury, New York 11797
                                                    T: (516) 681-1100
                                                    F: (516) 681-1101
                                                    MCohen@kaufmandolowich.com
                                                    Alisha.Talati@kaufmandolowich.com

CC: All Counsel of Record (via ECF)